UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
TAUSHIA N DILBERT, on behalf of herself and
other similarly situated consumers,                    Civil Action No.: 1:15-cv-09172

                          Plaintiff,
                                                       **CLASS ACTION**
        vs.                                         **COMPLAINT**

                                                       **DEMAND FOR JURY TRIAL**
NORTHLAND GROUP, INC.,

                          Defendant.
-------------------------------------------------------------------

       Plaintiff Taushia N Dilbert ("Plaintiff") and other similarly situated consumers, by and through their attorneys, Law Offices of Michael Lupolover, P.C., as and for their Complaint against the Defendant Northland Group, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION

       1.      This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and New York State General Business Law §349 by Defendant against Plaintiff and other similarly situated consumers.

       2.      Jurisdiction of this Court arises under 28 U.S.C. §1331, 28 U.S.C. §1337, and 15 U.S.C. §1692k(d).

       3.      The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

       4.      Venue is proper in this District 28 U.S.C. §1391(b) because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5.	Plaintiff is a natural person residing in Bronx, NY and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and 23 NYCRR § 1.1(c).

6.	Defendant is a foreign business corporation based in Edina, MN which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Defendant's principal place of business is located at 7831 Glenroy Rd, Edina, MN 55439.

7.	Defendant is a "debt collector" as that phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6) and 23 NYCRR § 1.1(e).

## FACTUAL ALLEGATIONS

8.	Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9.	On information and belief, Defendant, on behalf of LVNV Funding, LLC, began collecting an alleged consumer debt from the Plaintiff originating with Capital One Bank (USA), N.A. ("the alleged debt").

10.	The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5) and 23 NYCRR § 1.1(d).

11.	The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household

purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and 23 NYCRR § 1.1(d).

12.   Within the one (1) year preceding the filing of this complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the alleged debt.

13.   On or about May 20, 2015, Defendant mailed or caused to be mailed to Plaintiff a collection or "dunning" letter via U.S. Mail in an attempt to collect the alleged debt from Plaintiff ("letter"). The letter is attached to this complaint as <u>Exhibit A</u>.

14.   Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each constituted a "communication" as defined by FDCPA § 1692a(2).

15.   Collection/"dunning" letters in the year prior to the filing of the instant action between the Plaintiff and the Defendant and / or employee(s) of the Defendant regarding the alleged debt each conveyed information regarding the alleged debt directly or indirectly to the Plaintiff.

16.   Defendant's letter is a form letter that Defendant directs at hundreds, if not thousands of consumers within the State of New York.

17.   Defendant's letter states, in relevant part:

> **ACCOUNT INFORMATION**
>
> Current Creditor: LVNV Funding, LLC
> Original Creditor: Capital One Bank (USA), N.A.
> Original Account #: ***********1400
> Current Balance Due: $1,418.99
>
> **NORTHLAND REFERENCE NUMBER**
>
> F51086025

Last Payment Date: **5/23/03**

18. Defendant's letter also states, in relevant part:

    **Settle your account in 3 or 6 payments!**

    In order to assist you in clearing this debt, we are offering options.

    **Option I:** LVNV Funding LLC will allow you to settle your account for $567.60 in 3 payments starting on 06/10/15. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all three payments of $189.20, a letter will be sent confirming the above referenced account has been resolved.

    **Option II:** LVNV Funding LLC will allow you to settle your account for $638.58 in 6 payments starting on 06/10/15. If you need additional time to respond to this offer, please contact us. We are not obligated to renew this offer. The payments can be no more than 30 days apart. Upon receipt and clearance of all 6 payments of $106.43, a letter will be sent confirming the above referenced account has been resolved.

    Please contact the representative below at 866-643-4681 if you have any questions. These are not your only options.

    Sincerely,

    Boomer Schnabel

19. Defendant's letter also states, in relevant part at the very bottom:

    "Northland Group is a collection agency. We do not sue people and we cannot and will not sue you on any account placed with our office."

20. The alleged debt went into default, and the last payment was made, more than six (6) years prior to the date of the letter.

21. The statute of limitations on a contract in New York is six years.

22. The underlying contract with Capital One Bank (USA), N.A. contained a standard choice of law clause stating that it would be governed by Delaware law.

4

23.     NY CLS CPLR § 202, New York's "Borrowing Statute", requires that the causes of action are timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued. Accordingly, Delaware's three-year statute of limitations for breach of a credit contract governed. Accordingly, Delaware's three-year statute of limitations for breach of a credit contract governed. Portfolio Recovery Assocs., LLC v. King, 2010 NY Slip Op 3470, 14 N.Y.3d 410, 901 N.Y.S.2d 575, 927 N.E.2d 1059.

24.     Northland regularly collects or attempts to collect debts on which the statute of limitations has expired.

25.     On December 3, 2014, New York State's Department of Financial Services ("NYSDFS") announced the formal adoption of new debt collection regulations that place new specific disclosure and written communication requirements on third party debt collectors and debt buyers. See, http://www.insidearm.com/daily/credit-card-accounts-receivable/charge-off/new-york-adopts-new-statewide-regulations-on-debt-collection/

26.     "We're rolling out tough new regulations that protect borrowers and help crack down on illegitimate debt collection practices," said New York Governor Andrew Cuomo. "These new tools and disclosures will protect New Yorkers across the state, and I am pleased that our administration is leading the way on this issue." See, http://www.insidearm.com/daily/credit-card-accounts-receivable/charge-off/new-york-adopts-new-statewide-regulations-on-debt-collection/

27.     Benjamin M. Lawsky, Superintendent of Financial Services, added, "The debt collection industry is filled with far too many unscrupulous actors willing to deceive and abuse consumers just to make a quick buck. These important reforms will provide significant, new protections for financially struggling New Yorkers from harassment and fraud, and help us root

out these predatory practices." *See,* http://www.insidearm.com/daily/credit-card-accounts-receivable/charge-off/new-york-adopts-new-statewide-regulations-on-debt-collection/

28. The NYSDFS adopted a number of debt collection regulations that will and have gone into effect on March 3, 2015.

29. One such regulation that went into effect on March 3, 2015 by the NYSDFS was the requirement that Defendant and other debt collectors/buyers must disclose to Plaintiff and other consumers that the statute of limitations for a debt is or may have expired. 23 NYCRR § 1.3.

30. 23 NYCRR § 1.3 states:

> **(b)** "If a debt collector knows or has reason to know that the statute of limitations for a debt may be expired, before accepting payment on the debt, the debt collector must provide the consumer with clear and conspicuous notice, in the same medium (such as via telephone or electronic communication) by which the debt collector will accept payment, that:
>
> **(1)** the debt collector believes that the statute of limitations applicable to the debt may be expired;
>
> **(2)** suing on a debt for which the statute of limitations has expired is a violation of the Fair Debt Collection Practices Act, *15 U.S.C. section 1692* et seq;
>
> **(3)** if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired;
>
> **(4)** the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations has expired;
>
> **(5)** if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such, the statute of limitations may restart.
>
> **(c)** The following language satisfies the notice requirement contained in section 1.3(b) of this Part: "We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This

information is NOT legal advice: Your creditor or debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired.

Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization." See, 23 NYCRR § 1.3.

31. LVNV Funding, LLC, Defendant's client and the debt buyer Defendant is attempting to collect the alleged debt on behalf of, does file debt collection lawsuits as part of its business model.

32. According to LVNV Funding, LLC and Defendant the alleged debt was last paid and defaulted on May 23, 2003.

33. The alleged debt is past the applicable 6 year statute of limitations for suit under New York Law.

34. The alleged debt is past the applicable 6 year statute of limitations for suit under New York Law.

35. The alleged debt is past the applicable 3 year statute of limitations for suit under NY CPLR § 202.

36. Defendant's letter fails to disclose to Plaintiff and other similarly situated New York consumers that the alleged debt was past the applicable statute of limitations.

37. Defendant's letter fails to disclose to Plaintiff and other similarly situated New York consumers the language required by 23 NYCRR §1.3(b) and (c).

38.     Defendant's letter was mailed or caused to be mailed to Plaintiff, a New York resident, on or before May 20, 2015 which is more than two months since the regulations and requirements of 23 NYCRR §1.3(b) and (c) went into effect.

39.     As such, Defendant's letter is required to contain the disclosures required by 23 NYCRR §1.3(b) and (c).

40.     Defendant's letter contains no such disclosure.

41.     The failure to disclose to Plaintiff and other similarly situated consumers that the debt is past the applicable statute of limitations and the ramifications as required by 23 NYCRR §1.3(b) and (c).

42.     The failure by Defendant to disclose the requirements of 23 NYCRR §1.3(b) and (c) to Plaintiff and other similarly situated consumers is a material misrepresentation because while a debt may be owed due to a moral obligation the fact remains that Plaintiff is not legally obligated to pay this debt or stand trial for the debt, go to arbitration or mediation or any other legal means; failure to state the facts about the debt being past the statute of limitations for legal action will influence a consumer to consider not paying the debt and not re-newing the statute of limitations.

43.     It is the policy and practice of Northland to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

44.     It is the policy and practice of Northland to send letters seeking to collect time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

45.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations....When a collector tells a consumer that she owes money and demands payment, it

may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC*, Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

46. As of May 20, 2015 Defendant's letter required the disclosures required by 23 NYCRR 1(b) and (c) however the letter did not contain such disclosures.

## **VIOLTATIONS ALLEGED**

47. Defendant engaged in unfair and false acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

48. Defendant engaged in unfair and false acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosures are required by 23 NYCRR 1(b) and (c).

49. The nondisclosure is exacerbated by the offer of a "settlement" in Exhibit A. An offer to settle implies a colorable obligation to pay. Statements in the letter that "the current creditor is willing to reduce your balance," and that defendant "[is] not obligated to renew this offer," falsely represents that (a) the full balance is enforceable, (b) the settlement represents an improvement on the position that the consumer is in (when in fact she is not required to pay anything on a time-barred debt), and (c) failure to accept the settlement will lead to the enforcement of the full balance.

50. 15 U.S.C. §1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**
>
> **(2)    The false representation of –**
>
> **(A)    the character, amount, or legal status of any debt.... [or]**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**
>
> **(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

51.   15 U.S.C. §1692f provides:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.....**

## CLASS ACTION ALLEGATIONS

52.   Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

53.   The class consists of all individuals in Michigan to whom Northland Group, Inc. sent a letter seeking to collect a debt, which debt was a consumer debt on which the last payment had been made more than six years prior to the letter, and which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

54.   On information and belief, the class is so numerous that joinder of all members is not practicable.

55.   There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common

questions are (a) whether defendant attempts to collect time-barred debts without disclosure of that fact and (b) whether such practice violates the FDCPA.

56. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

57. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

58. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible,

    b. Members of the class are likely to be unaware of their rights, and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    A. Certification of the class pursuant to Rule 23(b)(3);

    B. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k;

    C. Statutory damages for the class pursuant to 15 U.S.C. § 1692k;

    D. Actual damages, including all amounts paid by class members on time-barred debts;

    E. For attorneys' fees, costs and disbursements;

    F. For an award of pre-judgment interest on all sums awarded and/or collected;

  G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which he is or may be entitled to at a jury trial.

Dated:  November 20, 2015

      Respectfully submitted,

      **LAW OFFICES OF MICHAEL LUPOLOVER, P.C.**

      By: /s/ Allison Polesky_____
      Allison Polesky, Esq. (AP5446)
      Law Offices of Michael Lupolover, P.C.
      120 Sylvan Ave, Suite 300
      Englewood Cliffs, NJ 07632
      Phone: 201-461-0059
      Fax: 201-608-7116
      Email: ap@lupoloverlaw.com
      Attorney for the Plaintiff